*Petitioner* pro se.

---

## NETTIE L. SCOTT *v.* TERRITORY OF HAWAII.

Extract from minutes of Clerk of Supreme Court, October 20.

Attorney General Hemenway, and Messrs. Cathcart and Milverton, attorneys for plaintiff in the pending action of Scott v. Territory, appeared in response to the following letter addressed to them yesterday:

"The supreme court desires to hear you tomorrow morning at ten o'clock upon the question whether a county attorney or deputy county attorney ought to be permitted to conduct the above case against the Territory.

"Yours truly,
"J. A. THOMPSON,
"Clerk Supreme Court."

The chief justice called their attention to the fact that the attorney general would not for a moment allow his appointed

deputy to appear in a proceeding against the Territory and that the statute made county attorneys his deputies. Mr. Milverton said that he considered that the duties of the county attorneys, as defined in the County Act, did not preclude their representing cases against the Territory, but that he and Mr. Cathcart wished to withdraw from the case if any of the justices had the slightest doubt as to the propriety of their representing the plaintiff in the case against the Territory. Mr. Cathcart said that when he took the case for the plaintiff, who was an old client of his, it did not occur to him that there could be any objection to that course but that he would withdraw from the case if any of the court thought that he ought to do so. The attorney general said that he considered it a question merely of ethics which each person would decide for himself.

Perry, J. It is my view that neither the city and county attorney nor his deputy may properly appear for the plaintiff in this case, or in any other case, against the Territory.

Wilder, J. Aside from any question as to the legal right of a county attorney to represent a party in an action against the Territory, I am of the opinion that it is improper for him to do so, particularly in view of the impression generally on the community, which would be bad, that of allowing a government officer to prosecute a private claim against the government.

Hartwell, C. J. I think county attorneys ought not to appear in any civil case against the Territory any more than against the county, not only because it looks badly and makes an unfortunate impression on the community, but because I think it is wrong. I cannot discover the interests of the county from those of the Territory. Moreover, as deputies of the attorney general, made so by statute, it would be the duty of the county attorneys, as I conceive it, although the statute does not require them to do so, to report to the attorney general any material matters which come to their knowledge affecting the

interests of the Territory.   They could not do this while bringing cases against the Territory.   I am very glad that Messrs. Cathcart and Milverton wish to withdraw from the case if any of us think that they ought to do so and I respect them for taking this course rather than the opposite.   I think they ought to withdraw from all connection with this case.

Thereupon Mr. Cathcart asked permission for himself and Mr. Milverton to retire from the case.